Daniel J. Quigley
Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
State Bar No. 011052
Telephone: (520) 792-4800
Facsimile: (520)529-4262
dquigley@rllaz.com

Attorneys for Grasky Endurance Coaching, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Michael Alan Gibbs,<br><br>     Debtor. | **Chapter 13**<br><br>**Case No. 4:16-bk-08178-BMW** |
| Grasky Endurance Coaching, LLC,<br><br> Plaintiff,<br>v.<br><br>Michael Alan Gibbs,<br><br> Defendant. | Adv. No. _____<br><br>**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT UNDER 11 U.S.C. §§ 523(a)(4)** |

For its complaint, Grasky Endurance Coaching, LLC ("GEC") alleges:

1. GEC is an Arizona limited liability company transacting business as Tucson Endurance Performance Center.

2. Michael Alan Gibbs ("Gibbs") is a debtor in Case No. 4:16-bk-08178- BMW, a Chapter 13 proceeding pending in the United States Bankruptcy Court for the District of Arizona.

3. The Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334. Venue is proper under 28 U.S.C. § 1409.

4. Gibbs formerly was employed by GEC.

5. While Gibbs was employed by GEC, GEC placed the following merchandise on layaway for Gibbs, at Gibbs' request, at the following prices:

| | |
|---|---:|
| Eddy Merckx EMX525 Bicycle | $ 6,295.00 |
| Zipp 404 Firecrest Carbon Clincher Wheelset and an SRAM Cassette | $ 2,100.00 |
| ENVE 4.5 Clincher Wheelset | $ 2,700.00 |
| | $11,095.00 |
| Tax | $ 665.70 |
| Total | $11,760.70 |

The Eddy Merckx EMX525 bicycle, Zipp wheelset, and ENVE wheelset are hereafter referred to collectively as the "Merckx Bicycle."

6. Under their layaway agreement, GEC and Gibbs both understood that title to the Merckx Bicycle would remain with GEC, until such time as Gibbs paid for the Merckx Bicycle in full, and that Gibbs would have no rights to the Merckx Bicycle unless and until such time as he paid the layaway balance in full.

7. Gibbs made payments totaling just $3,948.02 on the Merckx Bicycle, leaving an unpaid balance of $7,812.68.

8. GEC is the exclusive dealer of Eddy Merckx bicycles in Tucson. Eddy Merckx is a European bicycle brand that is uncommon in the United States. The Eddy Merckx EMX525 Bicycle is a striking bicycle that, at the time, was the flagship of the Eddy Merckx line.

9. In an effort to create awareness of the Eddy Merckx brand in Tucson, GEC entrusted Gibbs with possession the Merckx Bicycle and allowed him to ride it as a "brand ambassador"—much as automobile dealerships allow their employees to drive cars owned by the dealership. GEC entrusted Gibbs with possession of the Merckx Bicycle *only* because of his status as an employee of GEC and primarily for GEC's benefit.

10. When GEC entrusted the Merckx Bicycle to Gibbs, GEC and Gibbs both understood and agreed that GEC owned the Merckx Bicycle, that Gibbs did not own the Merckx Bicycle, that Gibbs had no right to the Merckx Bicycle under the layaway arrangement, and that Gibbs, as GEC's employee, would preserve and protect GEC's Merckx Bicycle for GEC's benefit. By giving possession of the Merckx Bicycle to Gibbs, GEC and Gibbs did not alter their layaway arrangement.

11. After being entrusted with GEC's Merckx Bicycle, Gibbs sold it, without the knowledge or consent of GEC.

12. After selling GEC's Merckx Bicycle, Gibbs never accounted to GEC for the proceeds he received from the sale of GEC's Merckx Bicycle.

13. As an employee of GEC, Gibbs owed a fiduciary duty to act loyally to GEC. Gibbs' sale of the Merckx Bicycle GEC entrusted to him, without GEC's knowledge or consent, breached Gibbs' fiduciary duties to GEC.

14. Under 11 U.S.C. § 523(a)(4), a debt incurred by a debtor through defalcation while acting in a fiduciary capacity or through embezzlement is not dischargeable.

15. When Gibbs sold the Merckx Bicycle GEC entrusted to him, he was rightly in possession of the bicycle, which he knew belonged to GEC.

16. When Gibbs sold the Merckx Bicycle GEC entrusted to him, he appropriated the bicycle to a use other than that for which GEC entrusted it to him.

17. When Gibbs sold the Merckx Bicycle GEC entrusted to him, he knew that: he did not own the bicycle, he had no right to sell the bicycle, and his sale of the bicycle would significantly damage GEC.

15. Gibbs' sale of GEC's Merckx Bicycle damaged GEC in an amount equal to the value of GEC's Merckx Bicycle. On information and belief, the value of GEC's Merckx Bicycle exceeded the unpaid layaway balance of $7,812.68.

WHEREFORE, GEC requests judgment in favor of GEC and against Gibbs as follows:

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1     A.     Holding that Gibbs is indebted to GEC for the value of the Merckx Bicycle;

2     B.     Declaring that Gibbs' indebtedness to GEC is not dischargeable under 11 U.S.C. § 523(a)(4), as a debt incurred through defalcation while acting in a fiduciary capacity and/or through embezzlement;

    C.     For GEC's reasonable attorneys' fees and costs; and

    D.     For such other and further relief as the Court deems proper.

December 14, 2017.

RUSING LOPEZ & LIZARDI, P.L.L.C.

/s/ *Daniel J. Quigley*
    Daniel J. Quigley
    Attorneys for Grasky Endurance Coaching, LLC

4